## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  As part of educational mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal

government agencies and to educate the public about these operations.  Plaintiff then analyzes

the agency records and disseminates the results to the American public to inform them about

"what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is

headquartered at 950, Pennsylvania Avenue NW, Washington, DC 20530.  Defendant has

possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On November 20, 2019, Plaintiff sent a FOIA request to the Criminal Division, a

component of the Defendant, via e-mail, seeking access to the following:

> **--Any and all records regarding, concerning, or related to the
> meeting between OPDAT Regional Director Catherine
> Newcombe, Department of State Legal Advisor Jeff Cole,
> officials from the Office of the Prosecutor General of Ukraine,
> and others on or about January 19, 2016. For purposes of
> clarification, this meeting was held at the White House. This
> request includes, but is not limited to, any and all notes,
> briefing materials, reports, summaries, or similar records
> created in preparation for, during, and/or pursuant to the
> meeting.**
>
> **--Any and all records of communication between OPDAT
> Regional Director Catherine Newcombe and National Security
> Council staffer Eric Ciaramella between January 1, 2015 and
> the present.**

6.      On February 24, 2020, Plaintiff received a letter acknowledging receipt of the

Complaint from Defendant, which assigned the request No. CRM-300819552.

7.      As of the date of this Complaint, the Criminal Division has not responded

substantively to Plaintiff's request.  It has failed to make a determination about whether it will

comply with the request, notify Plaintiff of any determination, or notify Plaintiff of its right to

appeal any adverse determination to the head of the agency.  Nor has the Criminal Division

produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.     Plaintiff has no adequate remedy at law.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 19, 2019 at the latest.

13.     Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 25, 2020

Respectfully submitted,

*/s/ Jason B. Aldrich*
JASON B. ALDRICH
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: jaldrich@judicialwatch.org

*Attorney for Plaintiff*